IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CHARLES ALEXANDER WARFIELD, IV,                Civ. No. 6:26-cv-00910-AA

               Plaintiff,                **OPINION & ORDER**

      v.

CITY OF SALEM; MARION COUNTY;
STATE OF OREGON,

               Defendants.

---

AIKEN, District Judge.

Self-represented Plaintiff Charles Alexander Warfield IV seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, the application to proceed IFP is GRANTED but the Complaint, ECF No. 1, is DISMISSED without leave to amend and final judgment shall be entered accordingly.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

Page 1 –OPINION & ORDER

pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of

any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 2, and the petition will be GRANTED. However, the Complaint fails to state a claim and is frivolous and so must be dismissed.

Plaintiff asserts that he is the holder of allodial title to land in Marion County, Oregon dating back to 1813. Plaintiff claims that the City of Salem, Marion County, and the State of Oregon have infringed on his allodial title by "implement[ing] modern tax lots and municipal grids" over the land in question. Plaintiff has recently brought nearly identical claims in *Warfield v. City of Eugene et al.*, Case No. 6:26-cv-00815-AA. The Court dismissed those claims as frivolous and entered a judgment of dismissal in that case. As the Court explained in Plaintiff's prior case:

"Allodial title creates absolute ownership in the title holder, free and clear of any lien, mortgage, rent, service, property tax obligation, or other encumbrance." *United States v. Miljus*, Civil No. 06-1832-PK, 2007 WL 4287608, at *3 (D. Or. Dec. 3, 2007). However, "allodial title to land is an archaic concept not recognized in the modern United States" and no American state or federal court "has ever

acknowledged allodial ownership of any property other than by the United States itself." *Reutov v. Am. Home Mortgage Acceptance Inc.*, Case No. 3:23-cv-01172-JR, 2024 WL 232315, at *4 (D. Or. Jan. 22, 2024) (internal quotation marks and citation omitted, alterations normalized); *see also Miljus*, 2007 WL 4287608, at *5 ("Neither the federal nor the Oregon Constitution establishes any right to allodial ownership of land. No Oregon case recognizes that property owners other than the United States may hold allodial title to land."). Courts "that have considered these types of claims in other cases have uniformly rejected them, with most courts deeming the claims frivolous." *Reutov*, 2024 WL 232315, at *4 (internal quotation marks and citation omitted, alterations normalized). A "purported allodial title and land patent does not constitute competent proof of . . . ownership of the disputed property." *Id.* (internal quotation marks and citation omitted, alterations normalized); *see also Miljus*, 2007 WL 4287608, at *5 (finding that no Oregon court, or court of any other American jurisdiction, would acknowledge or respect any claim to allodial ownership of land).

As in *Warfield v. City of Eugene*, the Court concludes that Plaintiff's purported claim to an allodial estate in the land is entirely frivolous. Plaintiff's claims and requested relief are dependent on his assertion of an allodial estate in land and so fail. Because there are no additional facts that could be alleged to render a claim for allodial title to Oregon land valid, it would be futile to permit amendment. Dismissal is therefore without leave to amend.

## CONCLUSION

For the reasons set forth above, Plaintiff's Application for Leave to Proceed IFP, ECF No. 2, is GRANTED, but the Complaint, ECF No. 1, is DISMISSED without service on Defendants and without leave to amend.  Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ____8th____ day of May 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge